## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.  9:16-cv-81019-DIMITROULEAS/SNOW

MARKETRAN, LLC,

                Plaintiff,

    v.

BROOKLYN WATER
ENTERPRISES, INC., et al.

                Defendants,

_____/

### DEFENDANTS STEVEN FASSBERG, H2O BAGELS, LLC,
### AND MYLOCALWEBPRESENCE, LLC'S MOTION TO DISMISS
### SECOND AMENDED COMPLAINT

Defendants STEVEN FASSBERG ("FASSBERG"), H2O BAGEL, LLC ("H2O BAGEL"), and MYLOCALWEBPRESENCE, LLC d/b/a PINPOINT LOCAL ("PINPOINT") (collectively, "H2O BAGEL Defendants"), by their undersigned counsel, hereby file their Motion to Dismiss Plaintiff MARKETRAN, LLC's ("MARKETRAN") Second Amended Complaint ("SAC") [ECF No. 22].

### INTRODUCTION

The causes of action brought by MARKETRAN against the H2O BAGEL Defendants must be dismissed because MARKETRAN does not own the copyrights at issue and thus there is no proper claim for relief asserted against the H2O BAGEL Defendants for copyright infringement.  Further, since the allegedly infringing conduct took place before copyright registration and the copyright registration did not occur within three months after first publication, there are no valid claims for statutory damages or attorneys' fees.  Finally, the claim against FASSBERG for alleged violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") fails to state a cause of action.  Based upon the foregoing, the claims against

CASE NO.  9:16-cv-81019-DIMITROULEAS/SNOW

the H2O BAGEL Defendants must be dismissed.

## BACKGROUND

On June 20, 2016, MARKETRAN and former plaintiff David Wenger ("Wenger") filed a Complaint.  [ECF No. 6].  On June 30, 2016, MARKETRAN and Wenger filed an Amended Complaint.  [ECF No. 8].  On July 18, 2016, MARKETRAN filed its SAC.  [ECF No. 22].  In MARKETRAN's SAC, it asserts numerous causes of action against numerous parties.  The cause of action asserted against all of the H2O BAGEL Defendants, collectively, is limited to Count V (copyright infringement).  MARKETRAN also asserts claims against FASSBERG, individually, in Counts VI (vicarious copyright infringement) and Count IX (violation of Florida's Deceptive and Unfair Trade Practices Act "FDUTPA").

MARKETRAN's claims for copyright infringement are based upon its alleged copyright registrations set forth in paragraphs 150-153 of the SAC.  [ECF No. 22, p. 26].  MARKETRAN also claims that it submitted applications for 23 additional copyrights.  [ECF No. 22, ¶ 149]. MARKETRAN then alleges that the H2O BAGEL Defendants infringed upon the copyrights by using the copyrighted materials on H2O BAGEL, LLC's website.  [ECF No. 22, ¶¶ 157-159]. The allegations against the H2O BAGEL Defendants regarding infringement are purportedly set forth in "Exhibit L."[1]

---

[1] Pursuant to this Court's July 18, 2016 Order on Unopposed Motion to Amend Complaint [ECF No. 20], this Court granted MARKETRAN leave to file a second amended complaint, but specifically stated:  "Plaintiffs shall re-file any Exhibits with the Second Amended Complaint." [ECF No. 20, p. 2 fn. 1].  Notwithstanding this Court's Order, the SAC does not reattach the exhibits.  Instead the exhibits filed with the SAC are limited to proposed Summonses.  In addition, although referencing exhibits alphanumerically in the SAC, the exhibits to the Complaint, the First Amended Complaint and the SAC.  On August 4, 2016, MARKETRAN filed its Notice of Refiling of Second Amended Complaint [ECF No. 36] in which it files exhibits.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO.  9:16-cv-81019-DIMITROULEAS/SNOW

Based on the allegations of the SAC, the alleged copyright infringement is referenced in Exhibit L.  [ECF No. 22, ¶ 157].  Exhibit L apparently refers to the document attached to the Amended Complaint as Exhibit L [ECF No. 8-21] and refiled on August 4, 2016 [ECF No. 36-14].[2]  Further, with regard to the allegedly registered copyrights, the copyrights are referred to in the SAC.  [ECF No. 22, ¶¶ 150-153].  In addition to the designs referenced in paragraphs 150 and 153, MARKETRAN indicates that the www.brooklynwaterbagels.com website is copyrighted by MARKETRAN and attaches the website as Exhibit J.  [ECF No. 22, ¶ 151].[3] Count V asserts a claim for copyright infringement based upon alleged infringement of the registered copyrights.

## ARGUMENT

A court may dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief may be granted. MARKETRAN is obligated to provide in the complaint "more than labels and conclusions, and a formulaic recitation of a cause of action's elements." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Notwithstanding that a court must accept as true all of the allegations of fact contained in the complaint, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id*. (quoting *Twombly*, 550 U.S. at 557). Rather, factual allegations must be enough to raise a right to relief

---

[2] For ease of reference, Exhibit L is attached hereto as Exhibit 1.

[3] As with the other exhibits, there was no Exhibit J attached to the SAC.  Apparently, the reference to Exhibit J refer to the document attached to the Amended Complaint and referenced therein as Exhibit J.  [See ECF No. 8-16] and in the Notice of Refiling [ECF No. 36-10].  For ease of reference, a copy of Exhibit J is attached hereto as Exhibit 2.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO.  9:16-cv-81019-DIMITROULEAS/SNOW

above the speculative level. *Twombly*, 550 U.S. at 545. As the Eleventh Circuit has emphasized, "conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

**A.     MARKETRAN's Copyright Claims Must be Dismissed Because MARKETRAN is not the Copyright Owner of the Alleged Works.**

In Count V, MARKETRAN alleges that the H2O BAGEL Defendants infringed on MARKETRAN's copyrights.  In Count VI, MARKETRAN alleges that FASSBERG is liable for vicarious copyright infringement of MARKETRAN's copyrights by H2O BAGEL and PINPOINT [ECF No. 22, ¶¶ 276-279].   Under Article III of the U.S. Constitution, a plaintiff must have standing to invoke the power of a federal court. *Allen v. Wright*, 486 U.S. 737, 750 (1984). The United States Supreme Court has explained that "[i]n essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of the particular issues." *Id.* at 750-51 (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims and any such claims must be dismissed. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Moreover, Federal Rule of Civil Procedure Rule 17(a) provides that every action "must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). The basic purpose of Rule 17(a) is to protect a defendant "from subsequent similar actions by one not a party to the initial action." *Pac. Coast Agric. Exp. Assoc. v. Sunkist Growers, Inc.*, 526 F.2d 1196, 1208 (9th Cir. 1975) (citing *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 84 (4th Cir. 1973)).

To state a claim of copyright infringement, a plaintiff must demonstrate that (1) it owns a valid copyright in the work and (2) the defendant copied protected elements from the work.

CASE NO.  9:16-cv-81019-DIMITROULEAS/SNOW

*Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011); *Montgomery v. Noga*, 168 F.3d 1282, 1288 (11th Cir. 1999). Section 501(b) of the Copyright Act of 1976 (the "Copyright Act" or the "Act"), specifies a class of people who have standing to sue for copyright infringement. Under Section 501(b), only the "legal or beneficial owner of an exclusive right under a copyright" may "institute an action for any infringement of that particular right while he or she is the owner of it." 17 U.S.C. § 501(b). *Mosley*, 635 F.3d at 1290-91. Therefore, a party that does not possess at least one exclusive right under the copyright lacks standing to bring claims under the Copyright Act. This principle is widely applied. *See, e.g., ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir. 1991) ("[T]he Copyright Act does not permit copyright holders to choose third parties to bring suits on their behalf."); *HyperQuest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 382 (7th Cir. 2011) (holding that copyright infringement claims brought by a party that does not possess an exclusive right under the copyright must be dismissed with prejudice).

Here, MARKETRAN cannot prevail on its claim for copyright infringement against the H2O BAGEL Defendants or its claim for vicarious copyright infringement against FASSBERG because it cannot establish that it is the owner of the copyrights it alleges that the H2O BAGEL Defendants copied. *See, e.g., Imperial Residential Design, Inc. v. Palms Dev. Grp., Inc.*, 70 F.3d 96, 99 (11th Cir. 1995) ("To prevail in this copyright infringement action, [the plaintiff] must establish that it owned the copyright in the [plaintiff's] design and that defendants copied the design.").  Reviewing the copyright registrations demonstrates that MARKETRAN is not the owner of the copyrights at issue.  This Court can consider the copyright registrations in a motion to dismiss.  See *Personal Keepsakes, Inc. v. Personalizationmail.com, Inc.*, 975 F. Supp. 2d 920, 924 (N.D. Ill. 2013).  "Moreover, 'certificates of Registration from the U.S. Copyright Office are

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO.  9:16-cv-81019-DIMITROULEAS/SNOW

public records that the court may take judicial of without converting a Rule 12(b)(6) motion to a motion for summary judgment.'" *Id*. (quoting *White v. Marshall*, 693 F. Supp. 2d 873, 884 (E.D. Wis. 2009)).

       1.    <u>Copyright Registrations</u>.

Attached as Composite Exhibit 3 are the Certificates of Registration issued by the United States Copyright Office for the copyrights referenced in paragraphs 150-153 of the SAC.  In paragraph 150 of the SAC, MARKETRAN alleges that the two items referenced therein are protected under copyrights VA0002006369 and VA0002006279.  However, VA0002006279 is not the correct registration number.  That registration relates to a completely unrelated item.[4] The correct number for the registration in paragraph 150 is VA0002006276.  (Ex. 3).

       2.    The Copyrights at Issue, With Regard to the H2O BAGEL Defendants, are <u>Limited to the BWB Logo Design</u>.

The claims against the H2O BAGEL Defendants are set forth in Count V.  The allegations regarding the alleged copyright infringement, with regard to the H2O BAGEL Defendants, is set forth in paragraphs 157-159 of the SAC.  In those claims, MARKETRAN alleges that the H2O BAGEL Defendants used copyrighted materials on its website, www.originalbrooklynwaterbagel.com, represented in Exhibit L.  (Ex. 1).  Other than the allegations in paragraph 157, Count V of the SAC does not assert any other allegations of copyright infringement.  Thus, the copyright infringement alleged against the H2O BAGEL Defendants relates to utilization of copyrighted works on H2O BAGEL's website.

Reviewing Exhibit L to the SAC (Ex. 1), demonstrates that the alleged infringement relates solely to the logos alleged in paragraph 150 of the SAC, for which MARKETRAN claims

---

[4] The registration for VA0002006279, is a work created by Studio 1 Division of Shazdeh Fashions.

L<small>EE</small> & A<small>MTZIS</small>, P.L.
A<small>TTORNEYS AT</small> L<small>AW</small>

CASE NO.  9:16-cv-81019-DIMITROULEAS/SNOW

two copyright registrations.  The other three registered copyrights, as alleged in paragraphs 151-153, are not contained within the allegedly infringing H2O BAGEL's website.  The two registered copyrights, as alleged in paragraph 151, relate to the website www.brooklynwaterbagels.com, which is allegedly attached to the SAC as Exhibit J.  (Ex. 2).  A comparison of the two websites (Ex. 1 and Ex. 2) demonstrates that the H2O BAGELS website (Ex. 1)  is entirely different than the allegedly copyrighted Brooklyn Bagel website.  (Ex. 2).  In addition, the copyright referenced in paragraph 153 is a specific water bottle label.  [ECF No. 22, ¶ 153].  The water bottle label is not contained or referenced in the H2O BAGELS website.  (Ex. 1).  Thus, the only alleged copyrights included in the H2O BAGELS website are the two copyrights referenced in paragraph 150 of the SAC, which are the two logos.  Those two logos are registered as VA0002006369 and VA0002006276 (Ex. 3).

> 3.      MARKETRAN is not the Owner of the two Copyrights Allegedly Utilized on the H2O BAGELS, LLC's Website.

As is clearly demonstrated in the two registrations for the logos (VA0002006369 and VA0002006276) (Ex. 3), the owner of these copyrights is Wenger, not MARKETRAN. Nowhere in the SAC is there any reference to a transfer of ownership or an exclusive license provided by Wenger to MARKETRAN.  Therefore, because MARKETRAN does not own any interest in the two copyrights,  nor possess an exclusive license, it lacks standing to assert a claim for infringement. Accordingly, Counts V and VI must be dismissed, with prejudice. *See Prof'l LED Lighting, Ltd. v. AAdyn Tech., LLC*, No. 14-CIV-61376, 2015 WL 687416, at *11-12 (S.D. Fla. 2015) (dismissing copyright infringement claim with prejudice against entity that was neither the owner nor exclusive licensee of the copyrighted work).

CASE NO.  9:16-cv-81019-DIMITROULEAS/SNOW

**B.     MARKETRAN's Vicarious Copyright Infringement Claim Against FASSBERG
Fails to State a Claim.**

In addition to not being the owner of the copyrights at issue with regard to the H2O

BAGEL Defendants, MARKETRAN also fails to state a claim for vicarious copyright

infringement.  To establish a *prima facie* case for vicarious liability, the plaintiff must establish:

(i) that defendant(s) profited from a third-party's direct infringement, and (ii) that defendant(s)

had the right to stop or limit the infringement but did not. *BUC Int'l Corp. v. International Yacht

Council, Ltd.*, 489 F.3d 1129, 1138 fn 19 (11th Cir. 2007) (citation omitted).  "Liability for

vicarious copyright infringement arises 'when the defendant profits directly from the

infringement and has a right and ability to supervise the direct infringer, even if the defendant

initially lacks knowledge of the infringement.'"  *Broadcast Music, Inc. v. Bisla and Bisla, LLC*,

No. 8:11-cv-02273-JDW-MAP, 2012 WL 5387890 (M.D. Fla. 2012) (citations omitted).  Here,

the SAC fails to allege a claim for vicarious copyright infringement.

The claim against FASSBERG for vicarious copyright infringement is set forth in Count

VI.  Although MARKETRAN makes the conclusory allegation that FASSBERG had the right

and ability to control the use of MARKETRAN's allegedly copyrighted works, there are no

allegations as to how FASSBERG had the right or ability to supervise the allegedly direct

infringer.  The SAC alleges that H2O BAGELS is a Florida limited liability company with its

principal place of business in Boca Raton, Florida.  [ECF No. 22, ¶ 15].  The SAC alleges that

FASSBERG "is the current CEO and president of BWB, Inc. and the managing member of BWB

LLC."  [ECF No. 22, ¶ 24].  The SAC alleges that PINPOINT is a limited liability company with

offices in Broward County.  [ECF No. 22, ¶ 17].  Notwithstanding these allegations, nowhere in

the SAC is there an allegation as to how FASSBERG had the right or ability to control H2O

BAGELS or PINPOINT.

CASE NO.  9:16-cv-81019-DIMITROULEAS/SNOW

Furthermore, and more importantly, the SAC fails to allege how FASSBERG profits directly from the alleged infringement.  The SAC alleges:  "On information and belief, FASSBERG derives a financial benefit from allowing H2O Bagel and Pinpoint to use Marketran's copyrighted works, including but not limited to increased sales."  [ECF No. 22, ¶ 278].  This allegation fails to properly allege a claim for vicarious copyright infringement.  There is no allegation that FASSBERG "profits directly from the infringement."  See *Buc Int'l Corp.*, 489 F.3d at 1138 n. 19.  The allegation of increased sales to H2O BAGEL fails to establish or allege how FASSBERG directly profits from the infringement.  Thus, the SAC fails to state a claim against FASSBERG for vicarious copyright infringement.

## C.     <u>MARKETRAN is not Entitled to Statutory Damages or Attorneys' Fees</u>.

Pursuant to 17 U.S.C. § 412:

> In any action under this title, other than an action brought for a violation of the rights of the author under section 106A(a), an action for infringement of the copyright of a work that has been preregistered under section 408(f) before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement, or an action instituted under section 411(c), no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for--
>
> **(1)** any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
>
> **(2)** any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

Section 412 therefore provides that an award of statutory damages or attorneys' fees may be made "as to published works only if registration either preceded infringement or if registration occurred within three months of infringement." *ABC, Inc. v. Primetime 24, Joint Venture*, 57 F. Supp. 2d 558, 561 (M.D.N.C. 1999). Or put another way, as held by the Eleventh Circuit in

CASE NO.  9:16-cv-81019-DIMITROULEAS/SNOW

*M.G.B. Homes Builders, Inc. v. McAllister*, 903 F.2d 1486, 1493 (11th Cir. 1990), a plaintiff is

not entitled to attorneys' fees or statutory damages under this section [17 U.S.C. § 412] when the

work at issue is not registered with the copyright office at the time the alleged infringement

occurred.[5]

In improperly seeking statutory damages and attorneys' fees, MARKETRAN ignores,

however, the requirements of 17 U.S.C. § 412, which states that a plaintiff is not eligible for

statutory damages if the infringement "commenced after first publication of the work and before

the effective date of its registration, unless such registration is made within three months after the

first publication of the work." *See*, *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486,

1493 (11th Cir. 1990); *Atlanta Allergy and Asthma Clinic v. Allergy & Asthma of Atlanta, LLC*,

685 F. Supp. 2d 1360, 1379 (N.D. Ga. 2010); *Homes & Land Affiliates, LLC v. Homes & Loans*

*Magazine, LLC*, 598 F. Supp. 2d 1248, 1270 (M.D. Fla. 2009); *Cornerstone Home Builders, Inc.*

*v. Hugh J. McAllister, III*, 311 F. Supp. 2d 1351, 1352 (M.D. Fla. 2004). The term "commenced"

in the statute is defined as the first act of infringement in a series of ongoing separate

infringements. *M.G.B. Homes, Inc*. 903 F.2d at 1493.

Nowhere in the SAC does MARKETRAN allege that the infringement **commenced** after

the effective date of the registration. This is because MARKETRAN has no good faith basis to

---

[5] Section 412 is clarified in the following excerpt from the House Report on the 1976 Copyrights
Act, 90 Stat. 2541 (1976): "Under the general scheme of the bill, a copyright owner whose work
has been infringed before registration would be entitled to the remedies ordinarily available in
infringement cases: an injunction on terms the court considers fair, and his actual damages plus
any applicable profits not used as a measure of damages. However, *section 412 would deny any
award of the special or "extraordinary" remedies of statutory damages or attorney's fees* where
infringement of copyright in an unpublished work began before registration or where, *in the case
of a published work, infringement commenced after publication and before registration (unless
registration has been made within a grace period of three months after publication*)." (Italics in
original).

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO.  9:16-cv-81019-DIMITROULEAS/SNOW

make such an allegation. As alleged in the SAC, MARKETRAN alleges that its services began as early as 2012 and continued through June 2016.  [ECF No. 126].  Pursuant to the copyright registrations at issue with regard to the H2O Bagel Defendants, the copyrights had the following dates of publication:

| REGISTRATION NO. | DATE OF PUBLICATION |
| --- | --- |
| VA0002006276 | 03/01/14 |
| VA0002006369 | 03/01/14 |
| VA0002006779 | 12/11/15 |
| VA0002007373 | 11/30/14 |
| VA0002007503 | 12/11/15 |

(Ex. 3).  There are no allegations as to when the alleged infringement commenced.  However, it is clear that the registrations, which were all filed in June 2016, all occurred more than three months after publication.   Since the registrations occurred more than three months after publication, MARKETRAN is not entitled to statutory damages or attorneys' fees and such claims must be dismissed.

**D.    The FDUTPA Claim Against FASSBERG Fails to State a Claim.**

　　1.    The FDUTPA Claim Fails to Allege Actual Damages.

To state a claim for FDUTPA, a plaintiff must allege: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *See Kais v. Mansiana Ocean Residences, LLC*, No. 08-21492-CIV, 2009 WL 825763, *2 (S.D. Fla. 2009) (citing *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006)).  As to the element of actual damages, a plaintiff "must plead sufficient facts showing that the unfair or deceptive practice that defendants allegedly committed actually resulted in damage." *See Hap v. Toll Jupiter L.P.*, No. 07-81027-CIV, 2009

CASE NO.  9:16-cv-81019-DIMITROULEAS/SNOW

WL 187938, *9 (S.D. Fla. Jan.  2009). Otherwise -- as numerous Florida courts have consistently held -- a FDUTPA claim must be dismissed as a matter of law. *See, e.g., Lydia Sec. Monitoring, Inc. v. Alarm One, Inc.*, No. 07-80145 CIV, 2007 WL 2446889, *5 (S.D. Fla. 2007) (dismissing FDUTPA claim as a matter of law: "Defendant fails to allege that Plaintiff caused that damage. Merely stating 'as a result' does not provide sufficient allegations to show causation in a FDUTPA claim.");

Further, courts examining FDUTPA claims have increasingly applied the heightened pleading standards of Rule 9(b). "In light of this trend, claims arising under the FDUTPA must be pled with particularity." *Wrestlereunion, LLC v. Live Nation TV Holdings, Inc.*, No. 8:07-cv-2093-JDW-MSS, 2008 WL 3048859, *3 (M.D. Fla. 2008) (citation ommitted); *see Sunoptic Technologies, LLC v. Integra Luxtec, Inc.*, No. 3:08-cv-878-J-16JRK, 2009 WL 722320, *2 (M.D. Fla. 2009) ("Like fraud, a claim pursuant to the FDUTPA ... [must] meet the heightened pleading standard under Rule 9(b)[.]").  At a minimum, Rule 9(b) requires a claimant to allege

> (1) precisely what statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each statement and the person responsible for making each statement; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202, (11th Cir. 2001); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (setting forth same basic requirements); *see also Bishop v. VIP Transportation Group, LLC*, No. 6:15-cv-2118-Orl-22-KRS, 2016 WL 1253734 (M.D. Fla. 2016) (allegations insufficient to determine whether damages sought are actual damages "rather than noncompensable consequential damages").

The FDUTPA claim asserted by MARKETRAN fails to indicate the damages allegedly being sought by MARKETRAN.  MARKETRAN makes allegations regarding delay tactics with

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO.  9:16-cv-81019-DIMITROULEAS/SNOW

regard to payments, delayed payments of bills, and alleged threats to obtain goods. MARKETRAN further to alleges that it is unconscionable to withhold payment to squeeze another into a financially precarious position and to withhold monies due to an allegation that the intent was to force MARKETRAN to hand over copyrighted materials.  [ECF No. 22, ¶¶ 334-341].  However, the SAC fails to assert what damages MARKETRAN allegedly incurred as a result of the allegedly unfair and deceptive conduct.  MARKETRAN merely alleges that it has been aggrieved and that it seeks statutory damages, injunctive relief and/or declaratory relief. MARKETRAN fails to allege how it was aggrieved, fails to allege what type of declaratory relief it would be entitled to, and fails to indicate what type of injunctive relief it may be entitled to as a result of the alleged actions.  Accordingly, the SAC fails to state sufficient allegations to establish actual damages, the entitlement to injunctive relief with regard to the allegedly unfair and deceptive trade practices or declaratory relief.

> 2.     MARKETRAN's Breach of Contract Damages do not Give Rise to a Claim for a Violation of FDUTPA.

MARKETRAN basically asserts that it suffered contractual damages as a result of the allegedly unfair and deceptive trade practices.  Breach of warranty or breach of contract is not per se unfair or unconscionable and does not alone violate consumer fraud acts. *Palmucci v. Brunswick Corp.,* 710 A.2d 1045,1049 (N.J. Super. 1998).  A deceptive act or practice "involves more than the mere fact that a defendant promised something and then failed to do it. That type of  misrepresentation occurs every time a defendant breaches a contract." *Kleczek v. Joregensen,* 2002 WL 539113 (Ill. App. 2002) (*quoting Zankle v. Queen Anne Landscaping,* 311 Ill. App.3d 308, 312, 712 N.E.2d 988,993 (Ill. App. 2000). "Were our courts to accept plaintiff's assertion that promises that go unfulfilled are actionable under the Consumer Fraud Act, consumer plaintiffs could convert any suit for breach of contract into a consumer[-]fraud action." *Zankle,*

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO.  9:16-cv-81019-DIMITROULEAS/SNOW

311 Ill. App.3d at 312, 712 N.E.2d at 993.  Therefore, Plaintiff has not stated a cause of action for violation of Florida's DUTPA upon which relief can be granted.

> In *PNR, Inc. v. Beacon Prop. Mgmt., Inc.,* 842 So.2d 773, 777 n. 2 (Fla.2003), the Florida Supreme Court cautioned that a breach of contract claim without significant allegations of unfair or deceptive conduct is insufficient to state a cause of action under FDUTPA. Mere allegations of intentional breach of contract are insufficient to state a claim under the statute. *See Matrix Group Ltd. v. Rawlings Sporting Goods Co.,* 477 F.3d 583, 596 (8th Cir.2007).

*Hache v. Damon Corp.*, No. 8:07-cv-1248-T-30EAJ, 2008 WL 912434 at *2 (M.D. Fla. 2008).

A review of MARKETRAN's allegations demonstrates that MARKETRAN's claim is nothing more than a breach of contract claim.  MARKETRAN claims that it was forced to undertake debt on behalf of the Defendants to perform work for them and that, in breach of their contract, the Brooklyn Defendants did not pay for the services.  The allegations regarding delay tactics and questions about the bills does not change the claim to anything more than a breach of contract claim.  Finally, the alleged threats to give up files does not establish how the claim evolves from a breach of contract claim to a FDUTPA claim.  The allegation in paragraph 341 of the SAC demonstrates that the crux of this claim is:

> 341.  BROOKLYN and FASSBERG have withheld monies due to Marketran with the express intent to force Marketran to hand over its copyrighted and other proprietary files, such as coding files.

[ECF No. 22, ¶ 341].  Therefore, the FDUTPA claim is nothing more than a breach of contract claim for which MARKETRAN seeks payment for services allegedly provided.  Accordingly, the FDUTPA claim fails to state a cause of action.

## CONCLUSION

For all the reasons set forth herein, MARKETRAN's claims against Defendants STEVEN FASSBERG, H2O BAGEL, LLC and MYLOCALWEBPRESENCE, LLC d/b/a PINPOINT LOCAL must be dismissed.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO.  9:16-cv-81019-DIMITROULEAS/SNOW

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the foregoing document with the

Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this

day on all counsel of record or pro se parties identified on the attached Service List in the manner

specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in

some other authorized manner for those counsel or parties who are not authorized to receive

electronically Notices of Electronic Filing.

Dated: August 4, 2016                         Respectfully submitted,
      Boca Raton, Florida


                              _____
                              ERIC LEE (Bar No. 961299)
                              lee@leeamlaw.com
                              Lee & Amtzis, P.L.
                              5550 Glades Road, Suite 401
                              Boca Raton, FL  33431
                              Telephone:  (561) 981-9988
                              **Attorneys for Defendants**
                              **H20 BAGEL, LLC,**
                              **STEVEN FASSBERG, and**
                              **MYLOCALWEBPRESENCE, LLC**

CASE NO.  9:16-cv-81019-DIMITROULEAS/SNOW

### SERVICE LIST

**Attorneys for Plaintiff**
**MARKETRAN, LLC**

Wenger Mediation & Legal Services, LLC
Sylvia L. Wenger, Esq.
sylvialwenger@gmail.com
9000 Burma Rd., Ste. 102
Palm Beach Gardens, FL  33403

**Attorneys for Defendants**
**BROOKLYN WATER ENTERPRISES, INC.,**
**BROOKLYN WATER ENTERPRISES, LLC,**

Ira Marcus, P.A.
Ira Marcus, Esq.
ira@iramarcuspa.com
1313 S. Andrews Ave.
Fort Lauderdale, Florida 33316

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

16